**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | |
|---|---|
| In re: | ) |
| SW BOSTON HOTEL VENTURE LLC, *et al.* | ) Chapter 11<br>) Case No. 10-14535-JNF |
| Debtors. | )<br>) *(Jointly Administered)* |

**AFFIDAVIT OF HAROLD B. MURPHY IN SUPPORT OF
APPLICATION TO EMPLOY HANIFY & KING, PROFESSIONAL CORPORATION
AS COUNSEL TO THE DEBTORS AND DEBTORS-IN-POSSESSION**

Pursuant to Fed. R. Bankr. P. 2014(a) and 2016, MLBR 2014-1, and 28 U.S.C. § 1746, I, Harold B. Murphy, hereby state as follows:

1. I am a shareholder of the law firm of Hanify & King, Professional Corporation, One Beacon Street, Boston, Massachusetts ("H&K"). I make this affidavit (the "Affidavit") in support of the *Application to Employ Hanify & King, Professional Corporation as Counsel to the Debtors and Debtors-in-Possession* (the "Application") filed by the above-referenced debtors and debtors-in-possession (the "Debtors"). I am generally familiar with the business of H&K and have made inquiry concerning the facts set forth herein prior to making this Affidavit.

2. H&K maintains records of all of its clients, the matters on which it represents its clients, and the other parties which have a substantial role in such matters. H&K has reviewed such records and documents to determine H&K's connections with the Debtors, and those entities listed by the Debtors as being either secured creditors or unsecured creditors.

3. Based upon my review as described in this affidavit, in accordance with Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, neither I nor any shareholder or associate of H&K, insofar as I have been able to ascertain, has any connections or relationships with the

Debtors, their creditors or any other parties-in-interest, or their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee except as disclosed or described herein including that:

    a.    the Debtors have filed an application to employ Argus Management Corporation ("Argus") as their financial advisors in these jointly-administered Chapter 11 cases. Argus has been retained in matters in which H&K has been or is involved, or in other cases in which H&K has represented other parties-in-interest, including but not limited to: <u>In re GPX International Tire Corporation</u>, <u>In re The Ground Round, Inc., et al.</u> and <u>In re Gitto/Global Corporation</u>; and

    b.    H&K represents or has represented NSTAR ("NSTAR") and/or its affiliates which has a claim against SW Boston in the approximate amount of $11,336.95. H&K has not and will not represent NSTAR in connection with these cases.

4.    Because of the size and diversity of H&K's practice, it is possible that H&K may represent or may have represented other creditors, equity security holders, or parties-in-interest or their respective attorneys and accountants, but does not represent any such entity in connection with the Debtors. With respect to the party listed above, H&K has not and will not represent such parties in any matters related to the Debtors' bankruptcy cases.

5.    H&K does not represent, nor is it represented by, any other authorized professional specifically in connection with these cases or on a regular basis or in connection with a substantial matter in another case.

6.    The Debtors may retain various professionals during the pendency of these cases. H&K will take steps not to unnecessarily duplicate the efforts of any other professional retained

in these cases. In that regard, H&K will coordinate with all other professionals retained in these cases to ensure that H&K does not unnecessarily duplicate work being performed by other professionals.

7. Insofar as I have been able to ascertain, based on the review as described above, H&K, the shareholders and associates thereof do not hold or represent any interest adverse to that of the Debtors' estates. Notwithstanding the disclosure contained in paragraph three, I believe that I and each shareholder and associate of H&K is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14). Furthermore, insofar as I have been able to ascertain, neither H&K nor any shareholder or associate thereof is connected with any Bankruptcy Judge in the District of Massachusetts, or the United States Trustee or any person employed in the Office of the United States Trustee, so as to render the appointment of H&K as counsel for the Debtors inappropriate under Fed. R. Bankr. P. 5002(b).

8. H&K and I have conducted, and will continue to conduct, research into any relationships we may have with the Debtors and their creditors, any accountants, attorneys or other professionals of the foregoing, and any other parties interested in these cases. Although H&K has undertaken, and will continue to undertake, an investigation to identify any contacts with the Debtors or parties-in-interest, it is possible that such contacts have not been revealed. To the extent any such contacts are discovered, H&K will notify the Court by filing and serving a supplemental affidavit.

9. Any compensation, fee or allowance which may be claimed by me or by H&K will belong wholly to the law firm and will not be divided, shared or pooled, directly or indirectly, with any other person or firm.

10. H&K will seek compensation based upon its normal and usual hourly billing rates, and will seek reimbursement of expenses. From time to time, H&K adjusts its usual hourly billing rates in the ordinary course of its business. In the event of such an adjustment, H&K will seek compensation at the adjusted hourly rate from and after the date of the adjustment.

11. Prior to the Petition Date, the Debtors provided H&K with a security retainer of $255,195. H&K has applied $7,184 of that retainer toward the payment of prepetition services that had been rendered in the week prior to the filing of these Chapter 11 cases. H&K is holding the balance of the retainer, $248,011, as security for services to be rendered in connection with its representation of the Debtors in these Chapter 11 cases (the "Retainer"). H&K received no other prepetition payments from the Debtors. Subject to the Court's approval of H&K as counsel to the Debtors, the Retainer will be held by H&K in its Client Funds Account as security during these cases. The Retainer is not intended to be applied until all alternative sources of payment have been exhausted.

12. I shall amend this statement immediately upon my learning that (A) any of the within representations are incorrect or (B) there is any change of circumstances relating thereto.

13. I have reviewed the provisions of MLBR 2016-1.

I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct.

*/s/  Harold B. Murphy*
Harold B. Murphy (BBO #326610)
Hanify & King, Professional Corporation
One Beacon Street
Boston, Massachusetts 02108
Tel:    (617) 423-0400
Fax:    (617) 556-8985
hbm@hanify.com

Dated:  May 10, 2010

::ODMA\PCDOCS\DOCS\562327\1