UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| SW BOSTON HOTEL VENTURE LLC, ) | Chapter 11 |
| *et al.* ) | Case No. 10-14535-JNF |
| ) | |
| Debtors. ) | |
| ) | *(Jointly Administered)* |

### AFFIDAVIT OF JOHN HAGGERTY IN SUPPORT OF APPLICATION TO EMPLOY ARGUS MANAGEMENT CORPORATION AS FINANCIAL ADVISORS TO THE DEBTORS AND DEBTORS-IN-POSSESSION

Pursuant to Fed. R. Bankr. P. 2014(a) and 2016, MLBR 2014-1, and 28 U.S.C. § 1746, I, John Haggerty, hereby state as follows:

1. I am a principal of Argus Management Corporation, 15 Keith Hill Road, Grafton, Massachusetts ("Argus"). I make this affidavit (the "Affidavit") in support of the *Application to Employ Argus Management Corporation as Financial Advisors to the Debtors and Debtors-in-Possession* (the "Application") filed by the above-referenced debtors and debtors-in-possession (the "Debtors"). I am generally familiar with the business of Argus and have made inquiry concerning the facts set forth herein prior to making this Affidavit.

2. Argus maintains records of all of its clients, the matters on which it represents its clients, and the other parties which have a substantial role in such matters. Argus has reviewed such records and documents to determine Argus' connections with the Debtors, and those entities listed by the Debtor as being either secured creditors or unsecured creditors.

3. Based upon my review as described in this afffidavit, in accordance with Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, neither I nor any shareholder or associate of Argus, insofar as I have been able to ascertain, has any connections or relationships with the

Debtors, their creditors or any other parties-in-interest, or their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee except as disclosed or described herein including that the Debtors have filed an application to employ Hanify & King, Professional Corporation ("H&K") as their counsel in this Chapter 11 case. Argus has been retained in matters in which H&K has been or is involved, or in other cases in which Argus has represented other parties-in-interest, including but not limited to: In re GPX International Tire Corporation, In re The Ground Round, Inc., et al. and In re Gitto/Global Corporation.

4. Because of the size and diversity of Argus' practice, it is possible that Argus may represent or may have represented other creditors, equity security holders, or parties-in-interest or their respective attorneys and accountants, but does not represent any such entity in connection with the Debtors. With respect to the party listed above, Argus has not and will not represent such parties in any matters related to the Debtors' bankruptcy cases.

5. Argus does not represent, nor is it represented by, any other authorized professional specifically in connection with this case or on a regular basis or in connection with a substantial matter in another case.

6. The Debtors may retain various professionals during the pendency of this case. Argus will take steps not to unnecessarily duplicate the efforts of any other professional retained in these cases. In that regard, Argus will coordinate with all other professionals retained in these cases to ensure that Argus does not unnecessarily duplicate work being performed by other professionals.

7. Insofar as I have been able to ascertain, based on the review as described above, Argus, the shareholders and associates thereof do not hold or represent any interest adverse to

that of the Debtors' estates. Notwithstanding the disclosure contained in paragraph three, I believe that I and each shareholder and associate of Argus is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14). Furthermore, insofar as I have been able to ascertain, neither Argus nor any shareholder or associate thereof is connected with any Bankruptcy Judge in the District of Massachusetts, or the United States Trustee or any person employed in the Office of the United States Trustee, so as to render the appointment of Argus as counsel for the Debtors inappropriate under Fed. R. Bankr. P. 5002(b).

8. Argus and I have conducted, and will continue to conduct, research into any relationships we may have with the Debtors and their creditors, any accountants, attorneys or other professionals of the foregoing, and any other parties interested in this case. Although Argus has undertaken, and will continue to undertake, an investigation to identify any contacts with the Debtors or parties-in-interest, it is possible that such contacts have not been revealed. To the extent any such contacts are discovered, Argus will notify the Court by filing and serving a supplemental affidavit.

9. Any compensation, fee or allowance which may be claimed by me or by Argus will belong wholly to the law firm and will not be divided, shared or pooled, directly or indirectly, with any other person or firm.

10. Argus will seek compensation based upon its normal and usual hourly billing rates, and will seek reimbursement of expenses. From time to time, Argus adjusts its usual hourly billing rates in the ordinary course of its business. In the event of such an adjustment, Argus will seek compensation at the adjusted hourly rate from and after the date of the adjustment.

11. Argus has requested that the Debtors provide Argus with a $75,000 post-petition retainer (the "Retainer") for services rendered or to be rendered in connection with the instant cases. Given the rapidity of the filing of these cases, the Debtors were unable to retain Argus prior to the Petition Date and were therefore unable to provide Argus with a pre-petition retainer. Subject to the Court's approval of Argus as counsel to the Debtors, the Retainer will be held by Argus in its Client Funds Account as security during this case. The Retainer is not intended to be applied until all alternative sources of payment have been exhausted.

12. I shall amend this statement immediately upon my learning that (A) any of the within representations are incorrect or (B) there is any change of circumstances relating thereto.

13. I have reviewed the provisions of MLBR 2016-1.

I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct.

/s/ John G. Haggerty
John G. Haggerty
Argus Management Corporation
15 Keith Hill Road
Grafton, Massachusetts 01519
Tel: (508) 838-1828

Dated: May 10, 2010

::ODMA\PCDOCS\DOCS\562349\1