UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| In re:<br><br>SW BOSTON HOTEL VENTURE, LLC[1], *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 10-14535-JNF<br><br>(Jointly Administered) |

## NOTICE OF (1) SALE, (2) DEADLINES FOR FILING OBJECTIONS, (3) HEARING DATE, (4) ASSUMPTION AND ASSIGNMENT OF CONTRACTS, (5) CURE AMOUNTS (6) PROCEDURES RELATING TO THE RESOLUTION OF CURE AMOUNT DISPUTES AND (7) PAYMENT OF WARRANTY CLAIMS

## TO CREDITORS AND PARTIES IN INTEREST:

PLEASE TAKE NOTICE THAT, on March 28, 2011, SW Boston Hotel Venture, LLC (the "Debtor"), the debtor and debtor-in-possession in the above-captioned Chapter 11 case, filed the following motions:

- *Debtor's Motion for Order (I) Authorizing the Sale of the Debtor's Commercial Unit, Parking Garage Unit and Related Assets Free and Clear of All Liens, Claims, Interests and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Conjunction Therewith and (III) for Related Relief* (the "Sale Motion"), and

- *Motion by Debtor for Approval of (A) Sale Procedures, (B) Break-up Fee and Expense Reimbursement Provisions and (C) (1) Procedures for Assumption and Assignment of Executory Contracts and Unexpired Leases and (2) Form of Notice of Contract Assumption and Assignment and Cure Amounts in Connection with Sale of the Debtor's Commercial Unit, Parking Garage Unit and Related Assets Free and Clear of All Liens, Claims, Interests and Encumbrances* (the "Sale Procedures Motion")

pursuant to which the Debtor seeks Court authority to enter into a purchase and sale agreement (the "Hotel PSA") to sell its Property (defined in the Sale Motion) related to its Hotel and Garage

---

[1] The other debtors in the jointly administered cases, besides SW Boston are Auto Sales & Service, Inc. (Case No. 10-14528-JNF), General Trading Company (Case No. 10-14532-JNF), Frank Sawyer Corporation (Case No. 10-14533-JNF), 100 Stuart Street, LLC (Case No. 10-14534-JNF), 30-32 Oliver Street Corporation (Case No. 10-16173-JNF), General Land Corporation (Case No. 10-16174-JNF) and 131 Arlington Street Trust (Case No. 10-16177-JNF) (collectively, the "Debtors").

operations to Razorbacks Owner LLC (the "Purchaser") for a purchase price of $89,500,000 as well as authority for procedures related to the sale (as set out in the Sale Procedures Motion).

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to that certain order of the United States Bankruptcy Court for the District of Massachusetts (the "Court"), dated March 30, 2011 (the "Sale Procedures Order"), the Court has established procedures for bidding and proposing counteroffers for the Sale. Subject to approval of the Sale Motion, the Sale shall take place on **May 18, 2011 at 1:00 p.m. Any party intending to make counteroffers or bid on the assets being sold pursuant to the Sale must comply with the Bid Procedures Order.**

**PLEASE TAKE FURTHER NOTICE THAT** pursuant to Section 363 of the Bankruptcy Code, the assets subject to the Sale Motion will be sold free and clear of all liens, claims, interests and encumbrances, including without limitation all consensual liens and security interests and all liens or claims arising by operation of law. Any and all such liens, claims, encumbrances and interests shall attach to the proceeds of the Sale to the same extent and priority as existed prior to the filing of the Debtor's bankruptcy case. Nothing in this notice constitutes a waiver of the Debtor's right to review and challenge the extent, priority or validity of any lien, claim, encumbrance or interest.

**PLEASE TAKE FURTHER NOTICE THAT** a hearing on the Sale Motion will be held on **May 18, 2011 at 1:00 p.m. (EST)** (the "Sale Hearing") before the Honorable Joan N. Feeney, United States Bankruptcy Judge, United States Bankruptcy Court for the District of Massachusetts (Eastern Division), John W. McCormack Post Office and Court House, 5 Post Office Square, Boston, Massachusetts, 02109-3949. The Debtor will seek approval of the Sale Motion at the Sale Hearing.

**ANY COUNTEROFFER OR ANY OBJECTION** to the Sale Motion must be made in writing and filed with the Clerk of the Court, via the Bankruptcy Court's CM/ECF System (for registered users) or by mail by **May 12, 2011 at 4:30 p.m. (EST)** (the "Objection Deadline") and served so that the counteroffer or objection is **received on or before** the Objection Deadline by (i) Debtor's counsel, Murphy & King, Professional Corporation, One Beacon Street, Boston, MA 02108, Attn: Harold B. Murphy, Esq.; (ii) the Office of the United States Trustee, John W. McCormack Post Office and Court House, 5 Post Office Square, Boston, Massachusetts, 02109-3949; (iii) counsel for the Prudential Insurance Company of America, Goodwin Procter LLP, The New York Times Building, 620 Eight Avenue, New York, New York 10018, Attn: Emmanuel C. Grillo, Esq.; (iv) counsel for the City of Boston, Lyne Woodworth & Evarts LLP, 12 Post Office Square, 2nd Floor, Boston, MA 02109, Attn: E. Kate Buynk, Esq.; (v) counsel for Razorbacks Owner LLC, Honigman Miller Schwartz and Cohn LLP, 660 Woodward Avenue, 2290 First National Building, Detroit, MI 48226-3506, Attn: Todd E. Sable, Esq.; and (vi) counsel for the Official Committee of Unsecured Creditors, Jager Smith, PC, One Financial Center, Boston, MA 02111, Attn: Michael J. Fencer (collectively, the "Notice Parties"). Any party filing an objection to the Sale Motion is required to appear at the Sale Hearing and absent such appearance, such objection shall be overruled and deemed moot. Any objection to the Sale Motion shall be governed by Federal Rule of Bankruptcy Procedure 9014.

2

592740

**IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE SALE MOTION WITHOUT FURTHER NOTICE TO YOU OR OPPORTUNITY TO OBJECT.**

**COPIES OF THE SALE MOTION, THE RELATED EXHIBITS, AND THE BID PROCEDURES ORDER ARE AVAILABLE BY ELECTRONIC MAIL AND/OR BY REGULAR MAIL UPON REQUEST FROM THE UNDERSIGNED, FREE OF CHARGE.**

## TO ALL COUNTERPARTIES TO CONTRACTS WITH SW BOSTON:

**PLEASE TAKE NOTICE THAT,** the Debtor intends to assume and assign to the Purchaser the contracts on the Attached Exhibit 1 (collectively, the "Assumed Contracts") and proposes to pay the cure amounts (if any) set forth on the attached Exhibit 1 (the "Cure Amounts") in connection with the assumption and assignment of the executory contracts and/or unexpired leases pursuant to the Hotel PSA.

By Order dated March 30, 2011, the Court approved the following procedures for resolving any objections to the assumption and assignment and for resolution of any objections to the Cure Amounts in connection with the Assumed Contracts:

   a.   Any interested party seeking to object to the assumption and assignment to any bidder, or to the validity of their respective Cure Amount, if any, as set forth in this Notice, or to otherwise assert that any amounts, defaults, conditions, or pecuniary losses (including accrued but not yet due obligations) must be cured or satisfied under any of the Assumed Contracts in order for such contract or lease to be assumed and/or assigned (collectively, a "Cure Obligation"), must file an objection (a "Assumption/Assignment Objection") with the Clerk of the Court at the following address: United States Bankruptcy Court for the District of Massachusetts, John W. McCormack Post Office and Court House, 5 Post Office Square, Boston, Massachusetts, 02109, so as to be received by the Court not later than **May 12, 2011 at 4:30 p.m.** (the "Assumption/Assignment Objection Deadline"). An Assumption/Assignment Objection must also be served on the following parties-in-interest so as to be received on or before the Assumption/Assignment Objection Deadline: (a) counsel for the Debtor, Harold B. Murphy, Esq., Murphy & King, Professional Corporation; (b) counsel for The Prudential Insurance Company of America, Emmanuel C. Grillo, Esq., Goodwin & Procter LLP, The New York Times Building, 620 Eight Avenue, New York, New York 10018; (c) counsel for the City of Boston, E. Kate Buyuk, Esq., Lyne, Woodworth & Evarts LLP, 12 Post Office Square, 2nd Floor, Boston, MA 02109; (d) counsel for Razorbacks Owner LLC, Todd E. Sable, Esq., Honigman Miller Schwartz and Cohn LLP, 660 Woodward Avenue, 2290 First National Building, Detroit, MI 48226-3506; and (e) the Office of the United States Trustee, John W. McCormack Post Office and Court House, 5 Post Office Square, Boston, Massachusetts, 02109-3949.

3

592740

b.  An Assumption/Assignment Objection must set forth with specificity any and all Cure Obligations or conditions which such party asserts must be cured or satisfied with respect to such Assumed Contract; <u>provided, however</u>, that any party to an Assumed Contract shall retain the right to prosecute an objection with respect to adequate assurance of future performance only until the Sale Hearing and only if such objection was raised in an Assumption/Assignment Objection on or prior to the Assumption/Assignment Objection Deadline. An Assumption/Assignment Objection shall set forth the cure amount that the objector asserts is due, the specific types and dates of the alleged defaults, pecuniary losses and conditions to assignment, and the support therefore and all other objections to assumption and assignment.

c.  Unless an Assumption/Assignment Objection is filed and served by the Assumption/Assignment Objection Deadline, all interested parties who have received this Notice shall be deemed to have waived and released any right to assert a Cure Obligation and to have otherwise consented to the assignment and shall be forever barred and estopped from asserting or claiming against the Debtor, the buyer of the Property, or any other assignee of the relevant assigned contract that any additional amounts are due or monetary or non-monetary defaults exist, or conditions to assignment must be satisfied, under such Assumed Contract.

d.  Hearings with respect to any Assumption/Assignment Objections may be held (i) at the Sale Hearing, or (ii) at such other date as the Court may designate; *provided* that (1) as to objections to assumption and assignment based solely on the amount of the proposed monetary cure, if the subject Assumed Contract is assumed and assigned prior to resolution of any Assumption/Assignment Objection, the monetary cure amount asserted by the objecting party (or such lower amount as may be fixed by the Court) shall be deposited by the Debtor to be held in escrow with Debtor's counsel or such other person as the Court may direct pending further order of the Court or mutual agreement of the parties, and (2) hearings with respect to Assumption/Assignment Objection must be held prior to the closing of the Sale unless otherwise agreed to by the purchaser of the Property.

## <u>TO SUBCONTRACTORS OF BOVIS LEND LEASE LMB, INC.</u>

**PLEASE TAKE NOTICE THAT**, if you are a subcontractor of Bovis Lend Lease LMB, Inc. ("Bovis") and have received this notice, pursuant to that certain *Agreement between SW Boston Hotel Venture LLC and Bovis Lend Lease LMB, Inc.*, your unexpired warranties listed on the attached <u>Exhibit 2</u> for the work performed or material supplied with respect to the construction of the SW Boston Hotel and Residences pursuant to contracts with Bovis will, upon the payment of the amounts listed on <u>Exhibit 2</u> (the "Warranty Claims"), be conveyed to the Primary Condominium Association of the SW Boston Hotel and Residences.

4

592740

**ANY OBJECTION** to the amount of a Warranty Claim must be made in writing and filed with the Clerk of the Court, via the Bankruptcy Court's CM/ECF System (for registered users) or by mail by the Objection Deadline for the Sale Hearing noted above and served so that the objection is received on or before the Objection Deadline by the Notice Parties listed above. Any party filing an objection to the amount of a Warranty Claim is required to appear at the Sale Hearing and absent such appearance, such objection shall be overruled and deemed moot. Any objection to the amount of a Warranty Claim shall be governed by Federal Rule of Bankruptcy Procedure 9014.

**NOTICE TO ALL PARTIES SERVED:**

**Your rights may be affected.** You should read this Notice carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

Any request for a continuance **MUST** be made by **WRITTEN MOTION**. *See* MLBR 5071-1.

                                    Respectfully Submitted,
                                    SW BOSTON HOTEL VENTURE, LLC

                                    By its counsel,

                                    */s/ John C. Elstad*
                                    Harold B. Murphy (BBO #352610)
                                    D. Ethan Jeffery (BBO #631941)
                                    John C. Elstad (BBO #654469)
                                    MURPHY & KING, P.C.
                                    One Beacon Street
                                    Boston, MA 02108-3107
                                    Tel: (617) 423-0400
                                    Fax: (617) 556-8985
                                    jce@murphyking.com

Dated: March 31, 2011

592740