UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**SW BOSTON HOTEL VENTURE, LLC,** *et al.,*[1]     Chapter 11
    Debtors                                         10-14535-JNF
                                                    (Jointly Administered)

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

# MEMORANDUM ON DEBTORS' MOTION TO EXTEND DEADLINE TO SOLICIT ACCEPTANCES OF PLAN

## I. INTRODUCTION

The matter before the Court is the Motion by Debtors for Order Extending Deadline to Solicit Acceptances of Plan (the "Motion to Extend"). Prudential Insurance Company of America ("Prudential") has filed an Omnibus Objection to the Debtors' Motion for Order Approving Disclosure Statement and the Motion to Extend (the "Objection"). In

---

[1] The other Debtors in these jointly administered cases are Auto Sales & Service, Inc. (Case No. 10-14528-JNF), General Trading Company (Case No. 10-14532-JNF), Frank Sawyer Corporation (Case No. 10-14533-JNF), 100 Stuart Street, LLC (Case No. 10-14534-JNF), 30-32 Oliver Street Corporation (Case No. 10-16173-JNF), General Land Corporation (Case No. 10-16174-JNF), and 131 Arlington Street Trust (Case No. 10-16177-JNF).

-1-

evaluating the merits of the Motion to Extend, the Court has considered, in addition to Prudential's Objection, the following: 1) the Debtors' Disclosure Statement (the "Disclosure Statement") and Joint Plan of Reorganization (the "Plan"); 2) the Debtors' attorney's agreement to amend the Disclosure Statement as requested by the United States trustee and Starwood Worldwide Hotels and Resorts, Inc. ("Starwood Hotels"); 3) the Debtors' attorney's agreement to amend the Disclosure Statement to make certain changes requested by Prudential; 4) the arguments of the parties at the hearing held on May 2, 2011, including the statement of counsel to the Creditors' Committee in support of the Motion to Extend; 5) Prudential's Motion for an Order Authorizing the Application of Payments Received During the Chapter 11 Cases to Payment of Postpetition Interest pursuant to Section 506(b) of the Bankruptcy Code; and 6) the entire record in these Chapter 11 cases.

The Court finds that the facts necessary to decide the Motion to Extend are not in dispute and that an evidentiary hearing is not necessary to determine the Motion to Extend. Prudential did not request an evidentiary hearing on the Motion to Extend.

## II. PROCEDURAL BACKGROUND

Through their Motion to Extend, the Debtors seek an extension of time to solicit acceptance of the Plan which they filed on March 31, 2011. The current deadline for soliciting votes on the Debtors' Plan is May 31, 2011.

The Debtors previously filed two Motions to Extend. On August 3, 2010, the same day that Prudential filed a Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. § 362(d), the Debtors filed a Motion pursuant to 11 U.S.C. §§ 1121(d) and 362(d)(3) to

Extend the Deadlines to File a Plan of Reorganization and Solicit Acceptances of Plan. Although Prudential filed an Objection to the Motion, the parties reported the matter settled at a hearing conducted on August 18, 2010.  On August 24, 2010, the Court entered an Agreed to Order Extending the Debtors' Exclusive Periods within Which the Debtor [sic] May File a Plan of Reorganization and Solicit Acceptances under 11 U.S.C. §§ 1121(d) and 362(d)(3), ordering that "[t]he period during which the Debtors have the exclusive right to file a plan and the deadlines contained in Section 362(d)(3), to the extent applicable to any of the Debtors, are extended through and including November 26, 2010, and the period during which the Debtors have the exclusive right to solicit acceptances of a plan is extended through and including January 25, 2011."  The Order also provided for a continued hearing to be held on November 17, 2010 on any subsequent request for an extension made by the Debtors and contained deadlines for the filing of such a request and an objection deadline for Prudential.

On November 1, 2010, the Court conducted a pretrial conference with respect to Prudential's Motion for Relief from the Automatic Stay and commenced a three day trial on November 8, 2010.

On November 10, 2010, the Debtors filed their Second Motion pursuant to 11 U.S.C. §§ 1121(d) and 362(d)(3) to Extend the Deadlines to File a Plan of Reorganization and Solicit Acceptances of Plan.  Prudential objected.  On November 17, 2010, the Court overruled Prudential's Objection and granted the Debtors' Motion.  Specifically, the Court extended the period during which the Debtors had the exclusive right to file a plan through and

including March 31, 2011, and extended the period during which the Debtors have the exclusive right to solicit acceptances of that plan through and including May 31, 2011.

The Debtors' present Motion to Extend seeks a further extension to time to solicit votes "through the date that is fifteen (15) days after entry of the Court's decision on confirmation of the Debtors' plan of reorganization." In the Motion to Extend, the Debtors set forth a number of timing considerations due to the likelihood of a contested confirmation hearing and their pending Motion for Order (I) Authorizing the Sale of the Debtor's Commercial Unit, Parking Garage Unit and Related Assets Free and Clear of All Liens, Claims, Interests and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Conjunction therewith and (III) for Related Relief pursuant to which, among other things, the Debtors seek authority to enter into a purchase and sale agreement to sell property, defined in the Sale Motion, related to its Hotel and Garage to Razorbacks Owner LLC for a purchase price of $89.5 million.

### III. DISCUSSION

A. Applicable Law

The applicable legal principles necessary to decide the Motion to Extend are well-established. Section 1121(d)(1) of the Bankruptcy Code provides that the court may extend the exclusive periods for filing a plan or obtaining votes on a plan for cause. *See* 11 U.S.C. § 1121(d)(1. "Cause" is not defined in the statute, and whether cause exists is a decision within the discretion of the court. In re Adelphia Commc'ns Corp., 352 B.R. 578, 586

(Bankr. S.D.N.Y. 2006).  *See also* In re Henry Mayo Newhall Mem'l Hosp., 282 B.R 444, 454 (B.A.P. 9th Cir. 2002).  The court in Adelphia identified nine factors courts historically have applied in determining whether there is cause to increase a debtor's exclusivity period:

    (a) the size and complexity of the case;

    (b) the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

    (c) the existence of good faith progress toward reorganization;

    (d) the fact that the debtor is paying its bills as they become due;

    (e) whether the debtor has demonstrated reasonable prospects for filing a viable plan;

    (f) whether the debtor has made progress in negotiations with its creditors;

    (g) the amount of time which has elapsed in the case;

    (h) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

    (i) whether an unresolved contingency exists.

In re Adelphia Commc'ns Corp., 352 B.R. at 587; In re R.G. Pharmacy, Inc., 374 B.R. 484, 487 (Bankr. D. Conn. 2007).  *See also* In re Hoffinger Indus., Inc., 292 B.R. 639, 643-44 (B.A.P. 8th Cir. 2003).[2]  A creditor's unhappiness with a debtor's proposed plan is not a basis for

---

[2] The bankruptcy panel set forth the following nine factors:

(1) the large size of the debtor and the consequent difficulty in formulating a plan of reorganization for a huge debtor with a complex financial structure; (2) the need of the creditors' committee to negotiate with the debtor and the ability to prepare adequate information; (3) the existence of good faith progress towards reorganization; (4) the existence of an unresolved contingency; (5) the fact that the debtor is paying bills as they

terminating or denying an extension of exclusivity. See In re Adelphia Commn'cs Corp., 336 B.R. 610, 676 (Bankr. S.D.N.Y. 2006), *aff'd,* 342 B.R. 122 (S.D.N.Y. 2006) ("[T]he notion that creditor constituency unhappiness, without more, constitutes cause to undermine the debtor's chances of winning final confirmation of its plan during the exclusivity period has been judicially rejected.").

    B. <u>Analysis</u>

Applying the applicable factors to the facts of the present case, the Court finds that the Debtors have demonstrated that cause exists to further extend the Debtors' exclusive period to solicit acceptances of its Plan. The Debtors filed their Disclosure Statement and Plan within the extended exclusivity period for filing their plan of reorganization; their current request to extend pertains only to the time for soliciting acceptance of the Plan which they have filed. The Debtors' cases are complicated due to the amount of secured and cross-collateralized debt, corporate structure, inter-company debt, the pending sale described above, and, most importantly, the likelihood of protracted and complex litigation. The amount of debt owed by the Debtors to secured creditors is substantial, and

---

    become due; (6) the length of previous extensions of exclusivity; (7) breakdowns in plan negotiations, such that the continuation of the debtor's exclusivity period would result in the debtor having an unfair bargaining position over creditors; (8) the debtor's failure to resolve fundamental reorganization matters essential to its survival; (9) the gross mismanagement of the debtor.

292 B.R. at 643-44 (citations omitted).

the case has been characterized by a series of disputes with Prudential involving almost every aspect of the Debtors' case, including cash collateral and the duration of the automatic stay. Prudential has objected to the Debtors' requests to extend the exclusivity period and has expressed its intention to file competing plans in each of the jointly administered cases.

The Debtors' current proposal to sell the Hotel and Garage will necessitate complex negotiations or litigation with the franchisor, Starwood Hotels, and Culinary Concepts (Boston) LLC ("Culinary Concepts"), the operator of the restaurant located in the Hotel. The Debtors' Plan is the subject of numerous and various objections by Prudential and the case is further complicated by Prudential's pending request for payment of pre-confirmation interest, which will have to be determined by the Court either before or at a hearing on confirmation of the Debtors' Plan.

The objections of Prudential to the Debtors' Plan, expressed in its Objection, undoubtedly will necessitate litigation with respect to the value of its collateral and the interest to which it is entitled. In view of Prudential's intention to reject the Debtors' Plan, the hearing on the confirmation will be a contested, evidentiary hearing, and the Court will be required to determine a number of issues of fact and law, including the allowed amount of Prudential's secured claim, the valuation of its collateral, whether it is entitled to pre-confirmation interest, and, if so, in what amount, whether the Debtors' Plan should be confirmed over the objection of Prudential, whether the Debtors' Plan properly treats the allowed secured claim of Prudential, whether the Debtors' Plan is feasible, and whether the

Debtors' Plan otherwise complies with the requirements for confirmation under 11 U.S.C. § 1129(a) and (b). Given the positions of the parties, there is a substantial likelihood of a contested, evidentiary hearing that will consume several days.

After any contested confirmation hearing, the parties will be required to brief legal issues and the Court will be required to make detailed findings of fact and conclusions of law in accordance with Fed. R. Bankr. P. 7052 in the event of appeal.[3] Thus, the present solicitation deadline would expire before the Court would be able to determine the myriad issues presented. Under those circumstances, and, in view of the complexities of the legal and factual issues involved in a contested hearing on confirmation of Debtors' Plan, it is appropriate for the Court to extend the exclusivity period for obtaining acceptances to enable the parties, and the Court, to adequately address all of the relevant factual and legal issues.

The Debtors have made substantial progress toward reorganization. The Debtors have filed a Plan in which they proposes to sell the Hotel and Garage for $89.5 million during May of 2011 and distribute that amount to Prudential to reduce its secured claim within the next two months. Alternatively, in the event that the sale is not consummated, the Debtors propose in their Plan to pay Prudential its allowed secured claim, with interest as determined by the Court. Under either scenario, the Debtors intends to pay the claims

---

[3] In view of the pending appeal of this Court's order of November 17, 2010 granting the Debtors' second motion to extend the exclusivity period, the Court concludes that it would be more likely than not that Prudential would appeal any potentially adverse rulings.

of all non-insider unsecured creditors in full with interest.

The Debtors also have made progress in negotiations with its creditors. The City of Boston, the holder of a second mortgage, and the Official Committee of Unsecured Creditors support the Debtors' Plan; Starwood Hotels states that it will negotiate in good faith with the Debtors on issues relating to the sale of the Hotel. It appears that the Debtors' Plan is supported by all interested parties, with the exception of Prudential.

The record is devoid of any evidence that the Motion to Extend is motivated by the desire to pressure other creditors in view of the support of all of the Debtors' creditor constituencies, except for Prudential, which has made clear its intention to litigate issues respecting not only its treatment under the Debtors' Plan, but the treatment of other classes of creditors as well. Indeed, there has been no evidence that the Debtors are not paying their bills as they become due.

The time that has elapsed since the commencement of the Debtors' Chapter 11 cases is not unreasonable. The Debtors' Chapter 11 cases have been pending for just over one year. The Debtors' Plan is ready for circulation to creditors for voting. At the hearing held on May 2, 2011, counsel to the Debtors agreed to make various changes to the Disclosure Statement. Within a few days, the Debtors' Amended Disclosure Statement will be filed and transmitted to creditors for solicitation of their votes.

The major unresolved contingency is how Prudential must be treated, and whether its other objections to confirmation alluded to in its Ominbus Objection have merit. The Court recognizes that resolution of the issues generated by Prudential's Motion for Order

Authorizing the Application of Payments Received during the Chapter 11 Cases to Payment of Postpetition Interest, and the amount of and interest rate attributable to its allowed secured claim post-confirmation will take time. The Court, however, rejects Prudential's contention that the exclusive period should be terminated so that it can file a competing plan. Prudential's ability to seek different treatment for its claim other than that proposed by the Debtors in their Plan, is preserved by its opportunity to reject and object to the Debtors' Plan and to present evidence at a contested confirmation hearing that the Debtors' Plan does not satisfy the requirements of 11 U.S.C. § 1129(a) and (b).

Prudential's counsel conceded at the May 2, 2011 hearing, that no other party in interest has expressed support for its proposal to file a competing plan. Prudential's plan appears to be based, not only on the desire to obtain its contract rate of interest, but also on litigation to obtain recharacterization and, or subordination of debt owed to the Debtors' insiders, a goal which is not shared by any other interested party, and which may be both extremely costly and unsuccessful. Allowance of a competing plan at this time, particularly one without the support of creditor constituencies and one based upon speculative, time consuming and expensive litigation, is likely to jeopardize the progress in the case to date. For this reason, the Court will not grant Prudential's request to file a competing plan at this time for circulation to creditors with the Debtors' Plan.

## IV. CONCLUSION

The Court finds that the Debtors' Motion to Extend to a date after any decision by the Court on whether to confirm the Debtors' Plan is unwarranted. The Court shall enter

an order extending the exclusive period for soliciting votes on the Debtors' Plan to two days prior to the date scheduled for the hearing on confirmation of the Debtors' Plan, subject to further order of the Court.

By the Court,

*[signature: Joan N. Feeney]*

Joan N. Feeney
United States Bankruptcy Judge

Dated: May 4, 2011