UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| In re:<br><br>SW BOSTON HOTEL VENTURE, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 10-14535-JNF<br><br>(Jointly Administered) |

## MOTION BY SW BOSTON HOTEL VENTURE, LLC TO AMEND PURCHASE AND SALE AGREEEMNT
(Emergency Determination Requested)

SW Boston Hotel Venture, LLC ("SW Boston"), one of the debtors and debtors-in-possession in the above-captioned jointly administered Chapter 11 proceedings, respectfully requests approval of an amendment to the Purchase and Sale Agreement (defined below) in connection with the Hotel Sale Motion (defined below) scheduled for hearing on May 24, 2011. The proposed amendment to the P&S will resolve the objection to the Hotel Sale Motion filed by Starwood Hotels & Resorts Worldwide, Inc. ("Starwood") and the limited objection filed by Culinary Concepts (Boston) LLC ("CCJG") to SW Boston's motion to amend, assume and assign the "Restaurant Management Agreement" [Docket No. 541] which motion is related to the Hotel Sale Motion. The proposed First Amendment to Purchase and Sale Agreement (the "First Amendment") is attached hereto as <u>Exhibit A</u>.

In further support of this motion, SW Boston states as follows:

---

[1] The debtors in these jointly administered cases besides SW Boston are Auto Sales & Service, Inc. ("Auto Sales"), General Trading Company ("General Trading"), Frank Sawyer Corporation ("Sawyer Corporation"), 100 Stuart Street, LLC ("Stuart Street"), General Land Corporation ("General Land"), 131 Arlington Street Trust ("Arlington Street") and 30-32 Oliver Street Corporation ("Oliver Street") (the "Affiliated Debtors" and together with SW Boston, the "Debtors").

1

### JURISDICTION AND STATUTORY AUTHORITY

1. This Court has jurisdiction to consider and determine this motion pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested in this motion is 11 U.S.C. § 105.

### BACKGROUND

**A.    SW Boston and the W Hotel and Residences.**

2. On April 28, 2010 (the "Petition Date"), SW Boston and four Affiliated Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Massachusetts (the "Court"). The remaining Affiliated Debtors filed voluntary petitions for relief on June 4, 2010.

3. The Debtors' cases are being jointly administered. The Debtors continue to operate as debtors and debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4. SW Boston is the owner and operator of the W Hotel and Residences, a 26 story building located in Boston's theatre district at 100 Stuart Street that includes the "W" Hotel (the "Hotel"), 122 individual luxury condominium units (the "Residences"), a parking garage and valet parking service (the "Garage"), a restaurant, kitchen and lobby lounge, a retail store, a spa and a theme bar that will open in Fall 2011.

**B.    The Sale of Hotel and Garage Operations.**

5. On March 28, 2011, SW Boston filed the *Debtor's Motion For Order (I) Authorizing The Sale of The Debtor's Commercial Unit, Parking Garage Unit And Related Assets Free And Clear of All Liens, Claims, Interests And Encumbrances, (II) Authorizing The*

2

*Assumption And Assignment of Certain Executory Contracts And Unexpired Leases in Connection Therewith And (III) Granting Related Relief* (the "Hotel Sale" and "Hotel Sale Motion") [Docket no. 495] requesting authorization for the sale of the Hotel and the Garage to Razorbacks Owner LLC (the "Purchaser"), an affiliate of Pebblebrook Hotel Trust (NYSE symbol – PEB), for a price of $89,500,000. SW Boston and the Purchaser signed, subject to Court approval, a purchase and sale agreement (the "P&S") containing the proposed terms and conditions of the Hotel Sale. A copy of the P&S was attached to the Hotel Sale Motion. The Hotel Sale, if approved by the Court, will substantially reduce the Debtors' secured debt and enhance the Debtors' ability to pay all their creditors in full pursuant to their plan of reorganization (the "Plan") filed on March 31, 2011 [Docket No. 512].

6. No counter-offers were received by the May 12 deadline established by the Court for submission of counter-offers in the Hotel Sale. Starwood filed an objection to the Hotel Sale [Docket No. 593]. CCJG, an entity in which Starwood has a substantial ownership interest, filed an objection [Docket No. 571] to SW Boston's motion to amend, assume and assign the Restaurant Management Agreement [Docket No. 541] (the "Restaurant Motion") which motion is related to the Hotel Sale Motion.

7. The hearings on the Hotel Sale Motion and the Restaurant Motion were continued from May 18 to May 24 to permit documentation of the agreements between the Purchaser and Starwood and/or SW Boston to resolve the Starwood and CCJG objections.

8. Assumption by SW Boston of the "Operating Agreements" including that certain Management Agreement between SW Boston and Starwood and that certain Technical Services Agreement between SW Boston and Starwood and their assignment to the Purchaser are important requirements of the Hotel Sale and are expressly contemplated in the P&S. Delivery

3

of valid assignments of the "Operating Agreements," including the Starwood agreements, is a closing obligation of SW Boston, the performance of which is a condition precedent to the Purchaser's obligations. P&S, §§ 4.5(e), 4.9(b).

### C. The First Amendment.

9.  The significant changes effected by the First Amendment are as follows[2]:

- The First Amendment provides for the execution and delivery at the Closing of a "Residential Services Agreement" pursuant to which the Purchaser agrees to continue to provide certain Hotel services for the benefit of the Residences.

- The First Amendment provides for execution and delivery at the closing of a "Bliss Boston Opening Date Confirmation" that confirms the opening date for the Bliss Spa.

- The First Amendment amends the P&S to shift responsibility to Starwood and the Purchaser for finalizing a Third Amendment to the Technical Services Agreement and a Sixth Amendment to the Management Agreement.

- The First Amendment provides that in the event of a conflict between the provisions of the P&S and the Court's order approving the Hotel Sale (the "Sale Approval Order"), the Sale Approval Order shall control, except that nothing shall be deemed to modify SW Boston's responsibility for pre-closing liabilities as set forth in the P&S.

- The First Amendment substitutes an amended Theme Bar Development Agreement (Exhibit L to the P&S) that, *inter alia*, sets a completion date for the

---

[2] The description of the First Amendment herein is for informational purposes only. In the event of any conflict between this despcription and the provisions of the First Amendment, the provisions of the First Amendment shall control.

4

construction of the Theme Bar, clarifies the completion requirements for the Theme Bar, requires that measures be taken to ensure that the Theme Bar construction does not interfere with the operations of the Hotel or the Residences and provides for liquidated damages in the event that SW Boston does not complete the Theme Bar construction by the completion date. A copy of Exhibit L, blacklined against the version submitted with the Hotel Sale Motion, is attached hereto as <u>Exhibit B</u>.

- The First Amendment substitutes an amended Parking Fee Agreement (Exhibit I to the P&S) that provides that a Notice of such agreement shall be recorded with the Suffolk County Registry of Deeds and that a termination of such Notice will be similarly recorded with such Registry if the Parking Fee Agreement is terminated by the parties. A copy of Exhibit I, blacklined against the version submitted with the Hotel Sale Motion, is attached hereto as attached hereto as <u>Exhibit C</u>.

### **BASIS FOR RELIEF REQUESTED**

10. The First Amendment will resolve the objections of Starwood and CCJG. Execution of the First Amendment will enable the Hotel Sale to close. Therefore, the Court should allow the P&S to be amended by the First Amendment in connection with the Hotel Sale Motion.

11.     SW Boston asks that the Court determine this motion on an emergency basis at the continued hearing on the Hotel Sale Motion and the Restaurant Motion scheduled for May 24 pursuant to MLBR 9013-1(g).  Emergency determination is requested because amendment of the P&S is necessary to resolve the objections of Starwood and CCJG.

### NOTICE

12.     SW Boston will serve this motion on (i) the office of the United States Trustee, (ii) counsel for The Prudential Insurance Company of America, (iii) counsel for the City of Boston, (iv) counsel for the Official Committee of Unsecured Creditors, (v) counsel for Starwood, (vi) counsel for CCJG, (vii) counsel for the Purchaser and (viii) all parties that have entered an appearance and a request for service of pleadings.  Because the relief sought herein is non-adversarial in nature and has been consented to by the affected parties, the Debtors submit that service in this manner provides sufficient notice in light of the nature of the relief requested and constitutes a reasonable, good faith effort to advise all affected parties of the substance of the motion and the request for emergency determination as required by MLBR 9013-1(g)(1)(C).

**WHEREFORE**, SW Boston requests that the Court: (1) set the hearing on this motion for May 24, 2011 at 10:00 a.m. in conjunction with the continued hearing on the Hotel Sale Motion; (2) approve the notice for this motion as set forth above; (3) allow the P&S to be amended by the First Amendment, and (4) grant such other and further relief as is just and appropriate under the circumstances.

        Respectfully Submitted,

        SW BOSTON HOTEL VENTURE LLC, *et al.*,

        By their counsel,

        */s/ John C. Elstad*
        Harold B. Murphy (BBO #362610)
        D. Ethan Jeffery (BBO #631941)
        John C. Elstad (BBO #654469)
        MURPHY & KING, Professional Corporation
        One Beacon Street
        Boston, Massachusetts  02108-3107
        Tel: (617) 423-0400
        Fax: (617) 556-8985
        Email: jce@murphyking.com

Date: May 20, 2011

596642-v1