UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>SW BOSTON HOTEL VENTURE LLC,<br>et al.[1]<br><br>Debtors. | Chapter 11<br>Case No. 10-14535-JNF<br><br>(*Jointly Administered*) |

**ORDER APPROVING: (I) DISCLOSURE STATEMENT WITH RESPECT TO JOINT PLAN OF REORGANIZATION OF SW BOSTON HOTEL VENTURE, LLC AND THE AFFILIATED DEBTORS; (II) ESTABLISHING VOTING RECORD HOLDER DATE; (III) APPROVING SOLICITATION PROCEDURES, FORM OF BALLOT, AND MANNER OF NOTICE; (IV) FIXING THE DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN; AND (V) SCHEDULING HEARING ON PLAN CONFIRMATION**

A hearing having been held on May 2, 2011 (the "Hearing") to consider the Motion (the "Motion") of the debtors and debtors-in-possession in the above captioned jointly administered cases (collectively the "Debtors"), filed on March 31, 2011, seeking, *inter alia*, approval pursuant to Section 1125 of Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") of the proposed *Disclosure Statement with Respect to Joint Plan of Reorganization of SW Hotel Venture, LLC, Auto Sales & Service, Inc., General Trading Company, Frank Sawyer Corporation, 100 Stuart Street, LLC, 30-32 Oliver Street Corporation, General Land Corporation and 131 Arlington Street Trust* and approval of the proposed solicitation procedures in connection with confirmation of the *Joint Plan of Reorganization of*

---

[1] The Debtors in the jointly administered cases are SW Boston Hotel Venture, LLC, (Case No. 10-14535-JNF), Auto Sales & Service, Inc. (Case No. 10-14528-JNF), General Trading Company (Case No. 10-14532-JNF), Frank Sawyer Corporation (Case No. 10-14533-JNF), 100 Stuart Street, LLC (Case No. 10-14534-JNF), 30-32 Oliver Street Corporation (Case No. 10-16173-JNF), General Land Corporation (Case No. 10-16174-JNF) and 131 Arlington Street Trust (Case No. 10-16177-JNF).

*SW Hotel Venture, LLC, Auto Sales & Service, Inc., General Trading Company, Frank Sawyer Corporation, 100 Stuart Street, LLC, 30-32 Oliver Street Corporation, General Land Corporation and 131 Arlington Street Trust*; and it appearing from the certificates of service on file with this Court that proper and timely notice of the Hearing had been given; and it appearing that such notice was adequate and sufficient; and the Debtors having filed, on May 5, 2011, the *Amended Disclosure Statement with Respect to First Amended Joint Plan of Reorganization of SW Hotel Venture, LLC, Auto Sales & Service, Inc., General Trading Company, Frank Sawyer Corporation, 100 Stuart Street, LLC, 30-32 Oliver Street Corporation, General Land Corporation and 131 Arlington Street Trust* (the "Disclosure Statement") [docket no. 587] and the *First Amended Joint Plan of Reorganization of SW Hotel Venture, LLC, Auto Sales & Service, Inc., General Trading Company, Frank Sawyer Corporation, 100 Stuart Street, LLC, 30-32 Oliver Street Corporation, General Land Corporation and 131 Arlington Street Trust* (the "Plan") [docket no. 586] in order to address issues raised by certain creditors; and all appearances at the Hearing having been duly noted on the record of the Hearing, and, upon the Motion, the Disclosure Statement and the record of the Hearing and all of the proceedings before the Court and after due deliberation and sufficient cause appearing therefor; and it appearing that no party-in-interest will be prejudiced hereby, it is

**ORDERED, FOUND AND DETERMINED THAT:**

1.   Pursuant to Section 1125(b) of the Bankruptcy Code and Rule 3017(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (a) the Disclosure Statement is approved as containing adequate information within the meaning of Section 1125 of the Bankruptcy Code and (b) to the extent not withdrawn, settled or resolved, all objections to the Disclosure Statement are overruled.

2

596799

2. The Disclosure Statement and the Motion are hereby approved.

3. For voting purposes and for the purpose of the mailing of notices and Solicitation Packages (as defined below), May 24, 2011, shall be the "Record Holder Date" for the holders of Claims.

4. Only the following creditors shall be entitled to vote on the Plan: (a) creditors asserting Secured Claims; (b) the holders of Claims or Interests that were not listed as contingent, unliquidated or disputed on the Debtors' Schedules; (c) the holders of Claims who have filed timely proofs of claim in the Voting Classes; and (d) the assignees of transferred and assigned Claims; provided, however, that such assignees shall be permitted to vote such claim only if evidence of the transfer and assignment has been filed in accordance with Federal Rule of Bankruptcy Procedure 3001 as of the close of business on the Record Holder Date.

5. On or before May 27, 2011, the Debtor shall cause to be deposited in the United States mail, postage prepaid, a solicitation package (the "Solicitation Package") that shall include the following: (a) a copy of the proposed Plan; (b) a copy of the Disclosure Statement, as approved by the Court (with exhibits); (c) a Ballot, substantially in the form of the ballot attached to the Motion as Exhibit B (the "Ballot"); and (d) a copy of this Order.

6. The Solicitation Package shall be mailed to: (a) the Office of the United States Trustee; (b) known creditors holding Claims that are not classified in the Plan (*e.g.*, holders of Administrative Expense Claims, Professional Fee Claims and Priority Tax Claims); and (c) holders of Claims in the Voting Classes (i) who have filed proofs of claim that have not been disallowed by Order of the Court, or (ii) whose Claims are scheduled in the Debtor's Schedules, other than those scheduled as unliquidated, contingent and/or disputed.

596799

7.   The Notice attached as Exhibit C to the Motion (the "Notice") is hereby approved. Creditors whose Claims were listed in the Debtor's Schedules as being contingent, unliquidated, and/or disputed (the "Contingent Creditors"), unless a proof of claim was timely filed, and members of Classes 1A-H and 9B and 9D-H (the "Notice Parties"), shall receive a copy of the Notice attached as Exhibit C to the Motion in lieu of receiving a Solicitation Package. On or before May 27, 2011, the Debtor shall cause to be deposited in the United States mail, postage prepaid, a Notice to each of the Contingent Creditors and each of the Notice Parties.

8.   All persons and entities entitled to vote on the Plan shall deliver their Ballots by mail, hand delivery or overnight courier so as to be received no later than 5:00 p.m. Eastern Time on June 24, 2011 (the "Voting Deadline") to Debtor's counsel (the "Balloting Agent") at:

> Murphy & King, Professional Corporation
> Attn: D. Ethan Jeffery, Esq.
> One Beacon Street, 21st Floor
> Boston, MA  02108

Any Ballot received after such time shall not be counted other than as provided for in this Order.

9.   For purposes of voting, the amount of a Claim used to tabulate acceptance or rejection of the Plan shall be one of the following:

   a.   the amount set forth as a Claim in the Debtor's Schedules that is not listed as contingent, unliquidated or disputed (excluding scheduled Claims that have been superseded by filed Claims);

   b.   the amount set forth on a filed proof of claim which has not been disallowed, disqualified, suspended, reduced or estimated and temporarily allowed for voting purposes prior to computation of the vote on the Plan; or

   c.   the amount estimated and temporarily allowed with respect to a Claim pursuant to an order of this Court.

10.  With respect to Ballots submitted by a holder of a Claim:

   a.   any Ballot that is properly completed, executed and timely returned to the

4

596799

        Balloting Agent that does not indicate an acceptance or rejection of the Plan, shall be deemed to be a vote to accept the Plan;

    b.    any Ballot that is returned to the Balloting Agent indicating acceptance or rejection of the Plan but that is unsigned shall not be counted;

    c.    whenever a holder of a Claim casts more than one Ballot voting the same Claim prior to the Voting Deadline, only the last timely Ballot received by the Balloting Agent shall be counted;

    d.    if a holder of a Claim casts simultaneous duplicative ballots that are voted inconsistently, such Ballots shall count as one vote accepting the Plan;

    e.    each holder of more than one Claim in a particular Class shall be entitled to cast only one Ballot regardless of the number of timely-filed proofs of claim in such Class by such holder;

    f.    each holder of a Claim shall be deemed to have voted the full amount of its Claim or Claims in each particular Class;

    g.    each holder who holds a Claim or Claims in more than one Class shall be entitled to cast one Ballot per Class;

    h.    any Ballots that partially reject and partially accept the Plan shall be deemed a vote to accept the Plan in the full amount of such Claim;

    i.    a Ballot cast by a holder of a Claim that is subject to a pending objection on the Voting Deadline shall not be counted;

    j.    any Ballot that is returned to the Balloting Agent indicating a vote for acceptance or rejection of the Plan and is signed, but fails to provide a complete mailing address, shall be counted if the Balloting Agent can reasonably determine the identity of the holder of the Claim by reference to the Creditor Matrix, Schedules, or otherwise; and

    k.    any Ballot received by the Balloting Agent by telecopier, facsimile or other electronic communication, including by email in portable document format (".pdf") or other similar format, shall not be counted.

11.    The hearing to consider confirmation of the Plan is scheduled for _June 27_, 2011, at _10:00 A_.m. Eastern Time, at the United States Bankruptcy Court, District of Massachusetts, 5 Post Office Square, Boston, Massachusetts, 02109. This hearing may be

5

596799

adjourned from time to time without further notice other than an announcement of the adjourned date(s) at said hearing and at any adjourned hearing(s).

12. Any objection to confirmation of the Plan must be filed with the Clerk of the Bankruptcy Court, United States Bankruptcy Court, 5 Post Office Square, Boston, Massachusetts, 02109, together with proof of service, no later than 4:30 p.m., Eastern Time, on or before June 24 at 12:00 Noon, 2011 and must be served upon (i) counsel to the Debtor, Murphy & King, Professional Corporation, One Beacon Street, 21st Floor, Boston, Massachusetts, 02108 (Attn: Harold B. Murphy, Esq. and D. Ethan Jeffery, Esq.); (ii) counsel to The Prudential Insurance Company of America, Goodwin Procter LLP, The New York Times Building, 620 Eighth Avenue, New York, New York 10018 (Attn: Emmanuel C. Grillo, Esq.); (iii) counsel for the City of Boston, Lyne Woodworth & Evarts LLP, 12 Post Office Square, 2nd Floor, Boston, Massachusetts 02109 (Attn: E. Kate Buyuk, Esq.); (iv) the Office of the United States Trustee for the District of Massachusetts, 5 Post Office Square, Suite 1000, Boston, Massachusetts, 02109 (Attn: Paula R.C. Bachtell, Esq.); and (v) counsel to the Official Committee of Unsecured Creditors, Jager Smith P.C., One Financial Center, Boston, Massachusetts, 02111 (Attn: Michael J. Fencer, Esq.). Any objection to confirmation of the Plan must (a) be in writing, (b) state the name and address of the objecting party, (c) comply with the Federal Rules of Bankruptcy Procedure and the Massachusetts Local Bankruptcy Rules, and (d) state the amount of the objector's claim or the nature of its interest, and the nature of the objection or modification sought and the legal basis therefore.

596799

13. ANY CONFIRMATION OBJECTION NOT FILED AND SERVED AS SET FORTH IN THIS ORDER SHALL BE DEEMED WAIVED AND SHALL NOT BE CONSIDERED BY THE COURT.

Dated: May 24, 2011

/s/ Joan N. Feeney
The Honorable Joan N. Feeney
United States Bankruptcy Judge

596799