UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| In re: ) <br> ) <br> ) **Chapter 11** <br> **SW BOSTON HOTEL VENTURE, LLC,** *et al.*,[1] ) **Case No. 10-14535 (JNF)** <br> ) <br> **Debtors.** ) **(Jointly Administered)** <br> ) | |

ORDER FIXING AMOUNT OF
ALLOWED PRUDENTIAL SECURED CLAIM AS OF OCTOBER 4, 2011

The Prudential Insurance Company of America ("Prudential") having filed the *Motion of The Prudential Insurance Company of America for an Order Authorizing the Application of Payments Received during the Chapter 11 Cases to Payment of Postpetition Interest pursuant to Section 506(b) of the Bankruptcy Code* on April 15, 2011 (the "506(b) Motion"); and SW Boston Hotel Venture, LLC and the Affiliated Debtors (the "Debtors"), debtors and debtors-in-possession in the above captioned jointly administered proceedings, having objected to the 506(b) Motion on June 21, 2011; and the Court having conducted a hearing on the 506(b) Motion in conjunction with the hearing on confirmation of the Debtors' Modified First Amended Joint Plan of Reorganization (the "Debtors' Plan") commencing on June 27, 2011; and the Debtors and Prudential having submitted proposed findings of fact and conclusions of law with regard to, *inter alia*, the 506(b) Motion and objections to confirmation of the Debtors' Plan on

---

[1] The other Debtors in these jointly administered cases besides SW Boston Hotel Venture, LLC are Auto Sales & Service, Inc., General Trading Company, Frank Sawyer Corporation, 100 Stuart Street, LLC, General Land Corporation, 131 Arlington Street Trust and 30-32 Oliver Street Corporation (the "Affiliated Debtors").

August 1, 2011; and the Court having issued its order (the "506(b) Order") and memorandum of law (the "506(b) Memorandum") on October 4, 2011[2], granting in part and denying in part the 506(b) Motion and directing the Debtors and Prudential to submit an agreed order or separate proposed orders in the event the parties could not agree as to the amount of Prudential's claim (the "Prudential Claim"), itemizing the amount of default interest from June 8 to the date of issuance of the 506(b) Order; and the Debtors and Prudential having submitted separate orders differing only on the issue of whether the loan should accrue compound interest; and sufficient cause appearing therefor;

**THE COURT FINDS AS FOLLOWS:**

A.  On January 15, 2008, Prudential and SW Boston Hotel Venture, LLC ("SW Boston") and the other Debtors entered into that certain Construction Loan Agreement (the "Prudential Loan Agreement") pursuant to which SW Boston borrowed approximately $180,800,000 to finance the construction of the W Hotel and Residences (the "Prudential Loan").

B.  In accordance with the 506(b) Order, post-petition interest shall not begin to accrue under the Prudential Loan until the date of the closing of the sale of the W Hotel on June 8, 2011. Applying all proceeds received by Prudential in respect of the Prudential Loan from the Petition Date to the date of the sale of the W Hotel on June 8, 2011, the outstanding principal balance of the Prudential Loan as of June 8, 2011 was $56,509,725.

C.  Pursuant to the 506(b) Order, postpetition interest shall begin to accrue at 14.5%, the default rate set forth in the Prudential Loan Agreement, as of June 8, 2011.

D.  The Debtors closed ten (10) sales of condominium units between June 8, 2011 and October 4, 2011, distributing $7,043,655 of net proceeds to Prudential.

---

[2] On October 12, 2011, Prudential filed a Notice of Appeal to the Bankruptcy Appellate Panel of the First Circuit with respect to the 506(b) Order and 506(b) Memorandum.

E. In accordance with the 506(b) Order, Prudential and the Debtors have calculated the amount outstanding under the Prudential Loan Agreement by applying the proceeds received from June 8, 2011 to October 4, 2011 first to outstanding postpetition interest and second to reduce the outstanding principal balance of the Prudential Loan.

F. Applying the payments to the Prudential Loan balance as outlined herein, as of October 4, 2011, Prudential was owed accrued but unpaid postpetition, preconfirmation interest of $94,935.

G. Applying the payments to the Prudential Loan balance as outlined herein, as of October 4, 2011, the outstanding principal balance of the Prudential Loan was $51,740,786.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. Pursuant to the 506(b) Order and 506(b) Memorandum, Prudential has an allowed secured claim (inclusive of outstanding principal and accrued interest) as of October 4, 2011, of $51,835,721.

2. The Construction Loan Agreement, which is governed by Massachusetts law, and the only agreement introduced into evidence by Prudential that contains applicable provisions for calculation of interest, at paragraphs 2.2.1, 2.2.2, 2.2.3, 2.3.1, 2.2.3 2.3.3, does not provide for compound interest either at the default rate or the non-default rate of interest. Moreover, as stated by the court in Berman v. B.C. Assocs., 219 F.3d 48, 50 (1st Cir. 2000):

> In Massachusetts, compound interest is generally disfavored. See Ellis v. Sullivan, 241 Mass. 60, 134 N.E. 695, 697 (1922) (recognizing an "'ancient unwillingness to allow compound interest'" (quoting Lewin v. Folsom, 171 Mass. 188, 50 N.E. 523, 524 (1898))). As early as 1906, the Supreme Judicial Court of Massachusetts decreed that interest is simple, "unless there is an express agreement to the

contrary." <u>Inhabitants of Tisbury v. Vineyard Haven Water Co.</u>, 193 Mass. 196, 79 N.E. 256, 257 (1906); *see also* <u>Coupounas v. Madden</u>, 401 Mass. 125, 514 N.E.2d 1316, 1321 (1987); <u>Von Hemert v. Porter</u>, 52 Mass. 210, 218 (Mass.1846); <u>D'Annolfo v. D'Annolfo Constr. Co.</u>, 39 Mass.App.Ct. 189, 654 N.E.2d 82, 85 (1995). Consequently, compound interest is only permitted in certain proceedings in equity or by express statutory or contractual authority. *See* <u>Dunne v. City of Boston, 41 Mass.App.Ct.</u> 922, 671 N.E.2d 518, 520 (1996); *see also* <u>Shapiro v. Bailen</u>, 293 Mass. 121, 199 N.E. 315, 316 (1936) (recognizing exception in equity); Ellis, 134 N.E. at 697 (same).

Accordingly, based upon the terms of the Construction Loan Agreement, and applicable Massachusetts law, the Court rules that Prudential is not entitled to compound interest as a matter of law.

                                                    /s/ Joan N. Feeney
                                              JOAN N. FEENEY
                                              UNITED STATES BANKRUPTCY JUDGE

Dated: October 20, 2011

609362