UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| In re:<br><br>SW BOSTON HOTEL VENTURE, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 10-14535-JNF<br><br>(Jointly Administered) |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING MODIFIED FIRST AMENDED
JOINT PLAN OF REORGANIZATION OF
SW BOSTON HOTEL VENTURE LLC, AUTO SALES &
SERVICE, INC., GENERAL TRADING COMPANY, FRANK
SAWYER CORPORATION, 100 STUART STREET, LLC,
30-32 OLIVER STREET CORPORATION, GENERAL
LAND CORPORATION AND 131 ARLINGTON STREET TRUST**
(Modification Dated June 23, 2011)

SW Boston, Auto Sales, General Trading, Sawyer Corporation, 100 Stuart Street, General Land, 131 Arlington Street and 30-32 Oliver Street (collectively the "Debtors"), the debtors and debtors-in-possession in the above captioned jointly administered proceedings, having filed the *Modified First Amended Joint Plan of Reorganization of SW Boston Hotel Venture LLC, Auto Sales & Service, Inc., General Trading Company, Frank Sawyer Corporation, 100 Stuart Street, LLC, 30-32 Oliver Street Corporation, General Land Corporation And 131 Arlington Street Trust (Modification Dated June 23, 2011)* (the "Plan") [docket no. 722], and their *Amended Disclosure Statement With Respect to First Amended Joint Plan of Reorganization Of SW Boston*

---

[1] The debtors in these jointly administered cases besides SW Boston Hotel Venture, LLC ("SW Boston") are Auto Sales & Service, Inc. ("Auto Sales"), General Trading Company ("General Trading"), Frank Sawyer Corporation ("Sawyer Corporation"), 100 Stuart Street, LLC ("Stuart Street"), General Land Corporation ("General Land"), 131 Arlington Street Trust ("Arlington Street") and 30-32 Oliver Street Corporation ("Oliver Street").

*Hotel Venture LLC, Auto Sales & Service, Inc., General Trading Company, Frank Sawyer Corporation, 100 Stuart Street, LLC, 30-32 Oliver Street Corporation, General Land Corporation And 131 Arlington Street Trust* (the "Disclosure Statement") [docket no. 587]; and the Court having entered an Order dated May 24, 2011 [docket no. 632] approving the Disclosure Statement (the "Disclosure Statement Order"); and upon the certificates of service reflecting compliance with the notice requirements of the order approving the Disclosure Statement (the "Certificates of Service"); and a hearing having been held on confirmation of the Plan on June 27th and June 28th, 2011 (the "Confirmation Hearing"); and upon the evidence submitted and the arguments of counsel made at the Confirmation Hearing; and the Court having reviewed all documents in connection with confirmation of the Plan and having heard all parties desiring to be heard; and the Debtors having agreed to modify the Plan as provided in this Order; and upon the record compiled in the Bankruptcy Cases, and after due deliberation and consideration of all of the foregoing; and sufficient cause appearing therefor; the Court hereby makes the following findings of fact, conclusions of law and order (the "Confirmation Order"):

I. **FINDINGS OF FACT AND CONCLUSIONS OF LAW.**

A.  Capitalized terms used herein, but not defined herein, shall have the respective meanings attributed to such terms in the Plan and Disclosure Statement.

B.  This Court has jurisdiction over the Bankruptcy Cases pursuant to 28 U.S.C. §§ 1334(a) and 157(b)(1). Venue of these proceedings and the Bankruptcy Cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C.  As established through the Certificates of Service, the Debtors provided good and sufficient notice of the Confirmation Hearing and the deadline for filing and serving objections to the Plan.

D.  The findings of fact and conclusions of law set forth in the Court's Memorandum dated November 14, 2011 [docket no. 867] are incorporated herein by reference.

**II.   ORDER.**

**A.   Confirmation of the Plan and Notice of Confirmation Hearing.**

1.  The Plan (including all exhibits thereto) is hereby approved and confirmed in all respects pursuant to section 1129 of the Bankruptcy Code.

2.  The Plan is hereby modified to prohibit the Reorganized Debtors from issuing any nonvoting equity securities. The power to vote any existing equity securities shall be governed by the Reorganized Debtors documents of formation.

3.  The Plan is hereby modified to require that: (a) such of the Reorganized Debtors who executed an environment indemnity agreement in favor of the Prudential prior to the Petition Date, shall execute a new environmental indemnity agreement in favor of Prudential in form and substance reasonably acceptable to each such Reorganized Debtor and Prudential; and (b) such of the Reorganized Debtors who executed an environment indemnity agreement in favor of the City of Boston prior to the Petition Date, shall execute a new environmental indemnity agreement in favor of the City of Boston in form and substance reasonably acceptable to each such Reorganized Debtor and the City of Boston.

4.  The Plan is hereby modified to provide that, notwithstanding Section 5.8 of the Plan, all of the Reorganized Debtors shall be liable for the satisfaction of the Allowed Prudential

Claim and the Allowed City Claim, and that payment of those Allowed Claims shall be made in accordance with the Plan.

5.  The modifications to the Plan described above do not materially or adversely affect or change the treatment of the holder of any Claim against the Debtors. In accordance with section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, these modifications do not require additional disclosure under section 1125 of the Bankruptcy Code. Disclosure of any such modifications on the record at the Confirmation Hearing constitutes due and sufficient notice of such modifications.

6.  If there is any direct conflict between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control. The provisions of the Confirmation Order are integrated with each other and are non-severable and mutually dependent unless expressly stated by further order of this Court.

7.  All objections and responses to, and statements and comments regarding, the Plan, to the extent they have not been withdrawn prior to entry of this Confirmation Order, are hereby expressly overruled.

8.  In accordance with section 1142(b) of the Bankruptcy Code, the Debtors, Reorganized Debtors and each other appropriate party are hereby authorized and directed to take all actions necessary or appropriate to: (a) enter into, implement and consummate any contracts, instruments, releases, leases, indentures and other agreements necessary to effectuate the Plan, and (b) take such other steps and perform such other acts as may be necessary to effectuate the Plan.

9. This Confirmation Order shall be effective upon the date of its entry and the requirement that this Confirmation Order be stayed for a period of fourteen (14) days under Bankruptcy Rule 3020(e) shall not apply.

### B. Effects of Confirmation.

10. <u>Injunctions and Stays Remain in Effect Until the Effective Date</u>. All injunctions and stays in effect on the Confirmation Date pursuant to sections 105 and 362 of the Bankruptcy Code or otherwise shall remain in full force and effect until the Effective Date of the Plan, except that nothing in this Confirmation Order shall bar the taking of such actions as are necessary to effectuate the Plan and/or this Confirmation Order.

### C. Matters Relating to Implementation of the Plan.

11. <u>Binding Effect</u>. Immediately upon the entry of this Confirmation Order, the terms of the Plan hereby are deemed binding upon the Debtors, Reorganized Debtors, any and all holders of Claims or Equity Interests (irrespective of whether such Claims or Equity Interests are impaired under the Plan or whether the holders of such Claims or Equity Interests accepted or are deemed to have accepted the Plan), any and all nondebtor parties to executory contracts and unexpired leases with the Debtor and the respective heirs, executors, administrators, successors or assigns, if any, of any of the foregoing.

12. <u>Continued Existence</u>. The Reorganized Debtors shall continue to exist after the Effective Date as separate entities, with all of the powers attributable to them, as they may be reorganized, reconstituted and/or converted pursuant to the Plan and the Plan Documents, under the laws of the applicable jurisdiction of organization, and, except with respect to 100 Stuart Street, without prejudice to any right to alter or terminate such existence (whether by merger or otherwise). Except as otherwise provided in the Plan or this Confirmation Order, on the

Effective Date, all property of the Debtors' estates shall vest in the Reorganized Debtors, free and clear of all Claims, Liens, encumbrances and interests of holders of Claims and Equity Interests.

13. On and after the Effective Date and subject only to the terms and conditions of the Plan, the Reorganized Debtors may operate their businesses and may use, acquire and dispose of property and compromise or settle any Claims or Equity Interests without supervision or approval by this Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules.

14. <u>Cancellation of Existing Indebtedness and Liens</u>. In accordance with section 1141 of the Bankruptcy Code, except as may otherwise be provided in the Plan, on the Effective Date: (a) all credit agreements, promissory notes, mortgages, security agreements, invoices, contracts, agreements and any other documents or instruments evidencing Claims against the Debtors, together with any and all Liens securing same, shall be canceled, discharged and released without further act or action by any Person under any applicable agreement, law, regulation, order or rule; (b) the obligations of the Debtors thereunder shall be deemed cancelled, discharged and released; and (c) all of the right, title and interest of any holder of such mortgages, deeds of trust, liens or other security interests, including any rights to any collateral thereunder, will revert to the Reorganized Debtors. To the extent deemed necessary or advisable by the Reorganized Debtors, any holder of a Claim shall promptly provide the Reorganized Debtors with an appropriate instrument of cancellation, discharge or release, as the case may be, in suitable form for recording wherever necessary to evidence such cancellation, discharge or release, including the cancellation, discharge or release of any Lien securing such Claim.

15. <u>Governance: Organization Documents</u>. As of the Effective Date, the Debtors Organization Documents shall be deemed modified to the extent necessary to effectuate the Plan.

To the extent not prohibited by the Plan or this Confirmation Order, after the Effective Date, the Reorganized Debtors and all other parties to the Organization Documents may amend and restate the Organization Documents as permitted by the Plan Documents and applicable law.

### D. Discharge, Release, Injunction and Related Provisions.

16. <u>Discharge of Debtors</u>. Except as otherwise expressly provided in section 1141 of the Bankruptcy Code or the Plan, the distributions made pursuant to and in accordance with the applicable terms and conditions of the Plan are in full and final satisfaction, settlement, release and discharge as against the Debtors and the Reorganized Debtors of any debt or obligation of the Debtors that arose before the Effective Date, and any debt of the Debtors of a kind specified in section 502(g), 502(h), or 502(i) of the Bankruptcy Code, and all Claims against the Debtors or their Estates of any nature, including, without limitation, any interest accrued thereon from and after the Petition Date, whether or not (i) a proof of claim based on such debt, obligation or Equity Interest is filed or deemed filed under section 501 of the Bankruptcy Code, (ii) such Claim is Allowed under section 502 of the Bankruptcy Code, or (iii) the holder of such Claim has accepted the Plan.

17. <u>Injunction</u>. As of the Effective Date, all Persons are hereby permanently enjoined from commencing, continuing or enforcing in any manner or in any place, any action or other proceeding, whether directly, indirectly, derivatively or otherwise against the Debtors, their Estates or the Reorganized Debtors, on account of, or respecting any Claims, debts, rights, obligations, Causes of Action or liabilities discharged pursuant to the Plan, except to the extent expressly permitted under the Plan.

18. <u>Releases</u>. Except as otherwise set forth in the Plan, as of the Effective Date, in consideration for, among other things, the obligations of the Debtors under the Plan and other

contracts, instruments, releases, agreements or documents to be entered into or delivered in connection with the Plan, (a) each holder of a Claim or Interest that votes in favor of the Plan and (b) to the fullest extent permissible under applicable law, as such law may be extended or interpreted subsequent to the Effective Date, each Person that has held, holds or may hold a Claim or Equity Interest or at any time was a creditor or equity holder of any of the Debtors and that does not vote on the Plan or votes against the Plan, in each case will be deemed to forever release, waive and discharge all claims (including any derivative claims), obligations, suits, judgments, damages, demands, rights, causes of action and liabilities (other than the right to enforce the Reorganized Debtors' obligations under the Plan and the contracts, instruments, releases, agreements and documents delivered under the Plan), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising in law, equity or otherwise, that are based in whole or in part on any act, omission, transaction or other occurrence taking place on or prior to the Effective Date in any way relating to a Debtor, the Bankruptcy Cases or the Plan that such entity has, had or may have against any Debtor, the Estates, the Estate's Assets, the Reorganized Debtors and/or the Reorganized Debtors' Assets.

19.    Exculpation. Except as otherwise set forth in the Plan, neither the Debtors, the Reorganized Debtors, the Committee nor any of their respective present or former members, managers, officers, directors, employees, general or limited partners, advisors, attorneys, agents, successors or assigns, shall have or incur any liability to any holder of a Claim or an Interest, or any other party in interest, or any of their respective agents, employees, representatives, financial advisors, attorneys, or affiliates, or any of their successors or assigns, for any act or omission in connection with, relating to, or arising out of, the administration of these Chapter 11 bankruptcy

proceedings, the pursuit of confirmation of the Plan, the Disclosure Statement, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan occurring prior to the Effective Date, provided that the terms of Section 9.5 shall not apply to any liability for willful misconduct or ultra vires acts.

20.     <u>Cancellation of Existing Indebtedness and Liens</u>. Except as may otherwise be provided in the Plan, on the Effective Date: (a) all credit agreements, promissory notes, mortgages, security agreements, invoices, contracts, agreements and any other documents or instruments evidencing Claims against the Debtors, together with any and all Liens securing same, shall be canceled, discharged and released without further act or action by any Person under any applicable agreement, law, regulation, order or rule, (b) the obligations of the Debtors thereunder shall be deemed cancelled, discharged and released, and (c) all of the right, title and interest of any holder of such mortgages, deeds of trust, liens or other security interests, including any rights to any collateral thereunder, will revert to the Reorganized Debtors. To the extent deemed necessary or advisable by the Reorganized Debtors, any holder of a Claim shall promptly provide the Reorganized Debtors with an appropriate instrument of cancellation, discharge or release, as the case may be, in suitable form for recording wherever necessary to evidence such cancellation, discharge or release, including the cancellation, discharge or release of any Lien securing such Claim.

E.      **Miscellaneous Provisions.**

21.     <u>Substantial Consummation</u>. The substantial consummation of the Plan, within the meaning of section 1127 of the Bankruptcy Code, shall be deemed to occur on the Effective Date.

22.     <u>Payment of Statutory Fees</u>. On or prior to the Effective Date, the Debtors shall pay all fees payable pursuant to 28 U.S.C. § 1930, if any. After the Effective Date, the Reorganized Debtors shall continue to pay such fees until a final decree is entered in the Bankruptcy Cases.

23.     <u>Reference to and Validity and Enforceability of Plan Provisions</u>. The failure to reference any particular provision of the Plan in this Confirmation Order shall have no effect on the binding effect, enforceability or legality of such provisions and such provisions shall have the same binding effect, enforceability or legality as every other provision of the Plan. Each term and provision of the Plan, as it may have been altered or modified by this Court, is valid and enforceable pursuant to its terms.

24.     <u>Creditors' Committee</u>. On the Effective Date, the Committee shall dissolve, the members of the Committee shall be released and discharged from all rights and duties arising from or related to these Bankruptcy Cases, and the professionals retained by the Committee in accordance with section 1103 of the Bankruptcy Code (including, without limitation, attorneys, investment advisors, accountants and other professionals) shall be released and discharged from their respective fiduciary obligations, duties and responsibilities.

25.     <u>Solicitation of the Plan</u>. The Debtors, the Reorganized Debtors and any other person that participated in the solicitation of the Plan acted in good faith. Pursuant to section 1125(e) of the Bankruptcy Code, neither the Debtors, the Reorganized Debtors nor any other person that participated in the Debtors' transmittal of Plan solicitation materials, as described above, their solicitation of acceptances of the Plan, or the offer, issuance, sale or purchase of any security offered or sold under or in connection with the Plan shall be liable, on account of such actions or such participation, for any violation of any applicable law, rule or regulation

governing the solicitation of acceptance or rejection of the Plan or the offer, issuance, sale, purchase or distribution of securities.

26. <u>Retention of Jurisdiction</u>. From and after the occurrence of the Effective Date, this Court shall have jurisdiction over the matters arising out of, and related to, the Bankruptcy Cases and the Plan as provided for in Article XI of the Plan.

27. <u>Professional Fee Claim Deadline; Post-Effective Date Fees</u>. Within thirty-five (35) days after the Effective Date, each Professional shall file a final application for the allowance of compensation for services rendered or reimbursement of expenses incurred through and including the Effective Date. Any such application granted by the Bankruptcy Court shall be paid: (i) within ten days of the entry of the order of the Bankruptcy Court approving such application, unless a stay of the order approving the application is obtained; or (ii) upon such other terms as may be mutually agreed upon between the Professional and the Reorganized Debtors. All fees and expenses of Professionals for services rendered after the Effective Date shall be paid by the Reorganized Debtors upon receipt of reasonably detailed invoices in such amounts and on such terms as such Professional and the Reorganized Debtors may agree. No further order or authorization from the Bankruptcy Court shall be necessary to permit the Reorganized Debtors to pay the fees and expenses of Professionals for services rendered after the Effective Date.

28. <u>Administrative Claims Bar Date</u>. Any party seeking payment of an Administrative Expense Claim (except for Professionals) must file with the Bankruptcy Court and serve upon the Debtors and their counsel a request for payment of such Administrative Expense Claim not later than thirty-five (35) days after the Effective Date (the "Administrative Expense Claim Bar Date"). Any party that fails to file an Administrative Expense Claim by the

Administrative Expense Claim Bar Date shall be forever barred from asserting such Administrative Expense Claim against the Debtors, their estate, the Reorganized Debtors or their respective properties, successors or assigns, and any such Administrative Expense Claim will be deemed discharged.

29. <u>Notice of Entry of Confirmation Order</u>. Within five (5) business days of the Effective Date, the Reorganized Debtors shall serve notice of the occurrence of the Effective Date on all creditors and parties in interest. The notice of the occurrence of the Effective Date shall include notice of the deadlines described in paragraphs 27 and 28 of this Confirmation Order.

30. The Debtors hereby are directed to serve copies of this Confirmation Order on each party that has filed a notice of appearance in the Bankruptcy Cases and on each party who filed an objection or response to, or statement or comment regarding, the Plan, no later than fifteen (15) days after the Confirmation Date.

31. <u>Exemption from Certain Taxes</u>. In accordance with section 1146(c) of the Bankruptcy Code: (a) the issuance, transfer or exchange of any security under the Plan or the making or delivery of any instrument of transfer pursuant to, in implementation of, or as contemplated by the Plan, including any merger agreements or agreements of consolidation, deeds, bills or sale or assignments executed in connection with any of the transactions contemplated under the Plan, or the vesting, re-vesting, transfer or sale of any real or personal property of the Debtors pursuant to, in implementation of, of as contemplated by the Plan; (b) the making, delivery, creation, assignment, amendment or recording or any note or other obligation for the payment of money or any mortgage, deed of trust or other security interest under, in furtherance of, or in connection with the Plan, the issuance, renewal, modification or securing of

indebtedness by such means; and (c) the making, delivery or recording of any deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan, including, without limitation, this Confirmation Order, shall not be subject to any document recording tax, stamp tax, conveyance fee or other similar tax, mortgage tax, real estate transfer tax, mortgage recording tax or other similar tax or governmental assessment. Each recorder of deeds or similar official for any county, city or governmental unit in which any instrument under the Plan is hereby ordered and directed to accept such instrument, without requiring the payment of any documentary stamp tax, deed stamps, transfer tax, intangible tax or similar tax.

32. <u>Non-occurrence of Effective Date</u>. In the event that the Effective Date does not occur, then (a) the Plan, (b) the assumption or rejection of executory contracts or unexpired leases pursuant to the Plan, (c) any document or agreement executed pursuant to the Plan, (d) any actions, releases, waivers, or injunctions authorized by this Confirmation Order or any order in aid of the consummation of the Plan, and (e) this Confirmation Order shall be deemed null and void. In such event, nothing contained in this Confirmation Order, any order in aid of consummation of the Plan, or the Plan, and no acts taken in preparation for consummation of the Plan, (y) shall be deemed to constitute a waiver or release of any Claims or Equity Interests by or against the Debtors or any other persons or entities, to prejudice in any manner the rights of the Debtors or any person in any further proceedings involving the Debtors or otherwise, or to constitute an admission of any sort by the Debtors or any other persons as to any issue, or (z) shall be construed as a finding of fact or conclusion of law in respect thereof.

33. <u>Post-Confirmation Fees and Reporting Requirements</u>. The Reorganized Debtors will be responsible for timely payment of fees incurred pursuant to 28 U.S.C. § 1930(a)(6) until the cases are closed. After confirmation the Debtor will serve the United States Trustee with a

monthly final report for each month (or portion thereof) the cases remain open. The monthly financial report shall include the following:

    (a)    A statement of all disbursements made during the course of the month, whether or not pursuant to the plan;

    (b)    A summary, by class, of amounts distributed or property transferred to each recipient under the plan, and an explanation of the failure to make any distributions or transfers of property under the plan;

    (c)    The Reorganized Debtors' projections as to its continuing ability to comply with the terms of the plan;

    (d)    A description of any other factors which may materially affect the Reorganized Debtors' ability to complete its obligations under the plan; and

    (e)    An estimated date when an application for final decree will be filed with the court (in the case of the final monthly report, the date the decree was filed).

IT IS SO ORDERED.

Dated: Boston, Massachusetts,

_November 16_, 2011

HONORABLE JOAN N. FEENEY
UNITED STATES BANKRUPTCY JUDGE

611952